**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRITZ GERALD TOUSSAINT,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ERNEST J. DRONENBURG<br><br>　　　　　　　　　Defendant. | Case No. 23-cv-0256-BAS-WVG<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff Fritz Gerald Toussaint, proceeding *pro se*, commenced this Section 1983 action in February 2023. (Compl., ECF No. 1.) That same day, he applied for *in forma pauperis* status. (IFP App., ECF No. 2.) On June 30, 2023, this Court approved Plaintiff's IFP Application, but dismissed without prejudice the Complaint for failure to state a claim and frivolity under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). (Order, ECF No. 6.) It ordered Plaintiff to file his First Amended Complaint "**by no later than July 28, 2023**," and warned "that failure to timely file a First Amended Complaint or seek an extension of time to do so will result in dismissal of this action." (*Id.* at 9:17–22.) Plaintiff's deadline to file his First Amended Complaint has come and gone, yet he has failed to submit such a corrective pleading.

It is well-settled that a district court may dismiss a plaintiff's action for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza*,

291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). Both bases for dismissal are available here, given Plaintiff's failure to file the First Amended Complaint in accordance with the June 30 Order, and the resulting lack of an operative pleading in this action. And, although due process generally requires that a plaintiff have notice and opportunity to be heard before dismissal, when a plaintiff may be said to have knowledge of the consequences of his failure to act, the court may dispense with the necessity of advance notice and a hearing. *Link*, 370 U.S. at 630–32. Here, it may, indeed, be said the Order conveyed to Plaintiff that dismissal would be the consequence of failing to file his First Amended Complaint. (Order at 9:17–22.)

Still, "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. Thus, to determine whether dismissal under its inherent authority is appropriate, "the district court must weigh five factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy of favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260–61 (internal quotations omitted). Generally, these five factors weigh in favor of *sua sponte* dismissal where a plaintiff has failed to prosecute a case or to comply with an order of the court. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). The above-mentioned factors weigh decisively in favor of dismissal here.

<u>Public Interest in Expeditious Resolution</u>: "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In this action, Plaintiff's inaction has hampered its expeditious

resolution. This Court cannot wait indefinitely for Plaintiff to participate in this litigation he commenced. Thus, this factor weighs in favor of dismissal.

<u>Court's Need to Manage its Docket</u>: A district court is best positioned to determine whether the delay in a particular case interferes with docket management and the public's interest. *Ash v. Cuetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The Court finds that Plaintiff's failure to comply with its June 30 Order has resulted in a delay in the prosecution of this case and has "impermissibly allowed [P]laintiff to control the pace of the docket rather than the [C]ourt." *See Smith v. Cnty. of Riverside Sheriff Dep't*, No. ED CV 17-1969 DSF (SP), 2019 WL 7865170, at *3 (C.D. Cal. Nov. 18, 2019). This Court is particularly disinclined to await a delayed filing where, as here, it found that the dismissed claims were frivolous. Consequently, this factor also weighs in favor of dismissal.

<u>Prejudice to Defendant</u>: "To prove prejudice, a defendant must establish that [a] plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "The pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal." *Yourish*, 191 F.3d at 991; *accord Ash*, 739 F.2d at 496. However, "even in the absence of a showing of actual prejudice to the defendant," prejudice is presumed from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1552–53 (9th Cir. 1994); *see also Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay.").

"Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for default." *Malone*, 833 F.2d at 131. Plaintiff's reasons for failing to prosecute are unknown. *See Garcia v. Fed Bureau of Prisons*, No. 5:19-CV-00008-PSG-MAA, 2019 WL 6040412, at *4 (C.D. Cal. Oct. 21, 2019) (Report & Recommendation), *adopted*, 2019 WL 6039943, at *1 (Nov. 12, 2019). Because the presumption of prejudice arises from a plaintiff's unexplained failure to prosecute, this third factor favors dismissal. *See id.* at *4 (citing *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)).

    <u>Public Policy</u>:  Public policy always favors disposition of cases on the merits. *Pagtalunan*, 291 F.3d at 643.  However, the weight of this factor is muted by the frivolous nature of Plaintiff's claims.  *Cf. McNair v. Rossi*, No. 2:17-cv-0116-SB, 2019 WL 722605, at *2 (D. Or. Feb. 5, 2019) (Report & Recommendation), *adopted*, 2019 WL 720976, at *1 (Feb. 20, 2019).

    <u>Availability of Less Drastic Alternatives</u>:  In assessing this factor, the Court considers whether alternatives less drastic than dismissal are feasible given the circumstances of the case.  *In re Eisen*, 31 F.3d at 1455.  "[A] district court's warning to a party that [his or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  *Ferdik*, 963 F.2d at 1262.  The Court warned Plaintiff in its June 30 Order that failure to submit his First Amended Complaint by July 28, 2023, would result in dismissal of the action. (Order at 9:17–22.)  Plaintiff, nevertheless, failed to comply.  Accordingly, the Court discerns that les drastic alternatives are not available under these circumstances.

    On balance, four of the five pertinent factors weigh in favor of dismissal.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this action based on Plaintiff's failure to prosecute under Rule 41(b) and file a First Amended Complaint in accordance with this Court's Order, dated June 30, 2023.  The Clerk of Court is directed to close the case.

    **IT IS SO ORDERED.**

**DATED: August 21, 2023**

Hon. Cynthia Bashant
United States District Judge